UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK **CV 12 - 2547**

---------------------------------------------------------------- x

PHILIP HUTSON; ROBERT FANCHER; and
FRANCINE CADETT,

               Plaintiffs,

      -against-

CITY OF NEW YORK; Police Officer EMRAH
ATES, Shield No. 19618; Police Officer DENNIS
FRIENDLY, Shield No. 2755; and Police Officers
JOHN and JANE DOES 1 through 10, individually
and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

               Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiffs demand a trial by jury in this action.

## PARTIES

7.     Plaintiff Philip Hutson ("Mr. Hutson") is a resident of Kings County in the City and State of New York.

8.     Plaintiff Robert Fancher ("Mr. Fancher") is a resident of Kings County in the City and State of New York.

9.     Plaintiff Francine Cadett ("Ms. Cadett") is a resident of Kings County in the City and State of New York.

10.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11.     Defendant Police Officer Emrah Ates, Shield No. 19618 ("Ates"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ates is sued in his individual and official capacity.

2

12.    Defendant Police Officer Dennis Friendly, Shield No. 2755 ("Friendly"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Friendly is sued in his individual and official capacity.

13.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

14.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

16.    At approximately 6:30 p.m. on April 15, 2012, plaintiffs Fancher and Hutson, along with Sean Hutson, were lawfully present on the porch of 820 Elton Street, in Brooklyn, New York.

17.    Defendants approached and demanded identification. Defendants then placed plaintiffs Fancher and Hutson in handcuffs. Plaintiff Fancher, who had only

3

socks on his feet, was taken upstairs to get shoes.

18.    The defendant officers then barged into plaintiffs' home with their guns drawn.

19.    Plaintiff Cadett was watching television when the defendant officers entered. Cadett was placed in her kitchen and told to remain there.

20.    The defendants then ransacked the apartment searching for contraband.

21.    No contraband was recovered from the illegal search of plaintiffs' home.

22.    Plaintiff Cadett was then placed in handcuffs.

23.    Plaintiffs Cadett and Hutson were taken out of their apartment and placed in a police van. Plaintiff Fancher was also placed in the police van.

24.    Plaintiffs were illegally seized and searched without cause by NYPD officers.

25.    Prior to being placed in the van, each plaintiff was subjected to an unlawful search of his or her person.

26.    No contraband was recovered from plaintiffs during the searches.

27.    Plaintiffs were then driven around the neighborhood.

28.    Plaintiffs were eventually taken to a police precinct.

29.    Plaintiffs were transferred to Brooklyn Central Booking.

30.    Approximately twenty-one hours later plaintiffs were released out of the back door of Brooklyn Central Booking, with no charges filed against them.

31.    Prior to arresting plaintiffs, the officers had not observed them engaged in any unlawful activity or in possession of any contraband.

32.    Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

33.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

34.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

35.    Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to their reputation.

**FIRST CLAIM**
**Unlawful Stop and Search**

36.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

38.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

39.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

41.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

42.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43.     By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

44.     Plaintiffs were conscious of their confinement.

45.     Plaintiffs did not consent to their confinement.

46.     Plaintiffs' confinement was not otherwise privileged.

47.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FOURTH CLAIM
### Assault and Battery

49.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

50.    By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

51.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FIFTH CLAIM
### Negligent Hiring/Training/Retention Of
### Employment Services

53.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

54.    Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

55.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

56.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

57.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

58.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### SIXTH CLAIM
### Failure to Intervene

59.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

60.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

8

61.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

62.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:     May 21, 2012
           New York, New York

HARVIS MARINELLI
SALEEM & WRIGHT LLP

Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
rmarinelli@hmswlaw.com

*Attorney for plaintiffs*

9